By the Court.

This suit is brought by Yocum the appellee, who was plaintiff in the original action to recover four hundred and fifty dollars, and is founded on an instrument of writing, which was verified in the Court below by one witness and a sort of confession of the appellant, in his answer to interrogatories put to him by the appellee, agreeably to the laws governing such cases. Roy, the defendant in the District Court, by his answer to the interrogatory of the plaintiff, states his belief of having signed the instrument of writing produced in support of the action ; but he answers from information of others, as (in conse *410 quence of drunkenness, and stupidity from intoxica-j10 |)aa no recollection of what passed at the time of executing said instrument. This part of his answer was rejected by the Judge of the District Court as evidence in this case, not being directly responsive to the plaintiff’s interrogatory. It is unnecessary here to determine on the manner in which, answers required to interrogatories put conformably to the act in such cases provided, are to be taken and received by courts of justice; whether they are to operate as well for, as against, the person making the answers, or must be viewed solely, as proof against him : for in the case before the court, the whole answer is doubtful, as the party endeavors to establish by it facts which, if we are to believe him, it was impossible for him to know; as he declares that he was without the power of knowing or perceiving, and consequently not in a situation to will or consent, and could not, therefore, legally bind himself. To admit such evidence as good, would be clearly a violation of that principle of law and common sense, which denies the right to all persons of stultifying themselves. Leaving then the evidence, attempted to be drawn from the defendant, wholly out of view, it appears that the agreement in writing was sufficiently proven by a witness who subscribed it with his mark, not being able to write his name, and who, from hearing it read in court, recognized it to be the same instrument which he had attested. If the appellant was really in a con *411 dition of mind, which rendered him incapable of ... . ,, „ . consenting' to any contract, on full proof of this, perhaps he might have avoided the obligation arising out of such agreement. This might have been proven by those who were present at the time, and competent to prove his real state of mind. Nothing of this appears by such testimony. No attempt has been made on the part of the appellant to show, that he has been cheated or defrauded, nor any want of consideration to support his contract. On a view of the whole case, we áre of opinion, that the judgment of the District Court must be affirmed ; it is, therefore, ordered, adjudged and decreed, that the same be affirmed, with costs.
*410 West. District.
August 1814.